## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FA-SHAUN KEONI MIKKEL FIELDS,** | ) | **CASE NO. 1:23-CV-01387** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JUDGE SEAN LEUTHOLD, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Fa-shaun Keoni Mikkel Fields brings this action against Crawford County Common Plea Court Judge Sean Leuthold, and the Crawford County Prosecutor.  Plaintiff claims he is entitled to have additional jail time credited toward his sentence.  He does not specify a cause of action.  He seeks monetary relief.

Plaintiff's Complaint is very brief and contains very few facts.  He states:

> Crawford County failed to give me the 27 days I'm missing, I only received 104 days on my book sheet it shows I've done 131 days.  I filed multiple motions they denied and blamed the sheriff's office, claiming they need to fix it. While Sheriff's is blaming prosecution. Tryed [sic] to have lawyer Edwin [illegible] fix problem he also failed.  I have 201 days credit 104 from county 97 from previous prison sentence. Now I'll be sitting 19 months on a F4 that only holds 18 months.

(Doc. No. 1 at PageID #: 5).  He seeks $10,000.00 in damages.

A district court is expressly authorized to dismiss any civil action filed by a prisoner

seeking relief from a governmental entity, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at \*2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff has not asserted a cause of action in his Complaint.  To meet the minimum notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  Here, the Court and the

Defendants are left to guess at the cause of action Plaintiff may be asserting.  The Complaint fails to state a claim upon which relief may be granted.

Furthermore, even if Plaintiff had identified a legal cause of action, it would be dismissed. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Plaintiff in a civil rights action must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable in a civil rights action. Therefore, when a state prisoner seeks damages in a civil rights lawsuit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of his continued confinement, the action should be allowed to proceed, in the absence of some other bar to the suit.  Here, this Court cannot award Plaintiff damages for additional time served unless the state court or a federal habeas court determines that he actually served more time than his sentence.

Finally, both the Common Pleas Court Judge and the County Prosecutor are absolutely immune from lawsuits for damages when the allegations against them pertain to the performance of their official duties.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff does not describe any conduct by the Judge or the Prosecutor's office that would have been performed in any other capacity.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A.  The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good

faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: April 29, 2024